NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
KINEKT DESIGN, LLC,                 :
                                    :
    Plaintiff,                      :   Civil Action No. 12-7683 (SRC)
                                    :
    v.                              :
                                    :   **OPINION**
ONE MOMENT IN TIME, LLC et al.,     :
                                    :
    Defendants.                     :
_____ :

**CHESLER**, **U.S.D.J.**

    This matter comes before the Court on three motions to dismiss the Complaint for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2): 1) the motion by Defendants Kenneth Halterman and One Moment in Time, LLC (the "First Motion"); 2) the motion by Latter Day Products, LLC and Brandon Young (the "Second Motion"); and 3) the motion by Books & Things, LLC, Lyle Mortimer, and Bryce Mortimer (the "Third Motion"). The Second Motion and the Third Motion are unopposed. For the reasons stated below, all the motions to dismiss will be granted.

    As noted, the Second Motion and the Third Motion are unopposed and will be granted on that basis.

    As to the First Motion, Defendants Kenneth Halterman and One Moment in Time, LLC (the "First Motion Defendants") contend that there are not contacts with the forum sufficient to support either specific or general personal jurisdiction over them. "The plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction."

Control Screening LLC v. Tech. Application & Prod. Co., 687 F.3d 163, 167 (3d Cir. 2012). In opposition to the motion, Plaintiff contends that Defendants are citizens of the state of Utah who have made eighteen shipments to customers in New Jersey, and that this constitutes purposeful availment of the benefits of doing business in New Jersey. Although Plaintiff submits no affidavit to support this allegation, Defendants do concede in their moving brief that, indeed, on eighteen occasions, a wholesale customer of One Moment in Time, LLC ("One Moment") made a sale of an item to a New Jersey customer, the wholesaler requested that One Moment ship the item to the end customer in New Jersey, and One Moment did so.[1] (Defs.' Br. 5.) None of these shipments involved the gear ring at issue in this litigation.[2]

Plaintiff has not proven facts sufficient to establish either specific or general personal jurisdiction over either of the First Motion Defendants. As to Defendant Kenneth Halterman, alleged by Plaintiff to be manager and registered agent of One Moment, Plaintiff has not even alleged any contact with the forum. As to One Moment, the Supreme Court has stated this standard for establishing specific personal jurisdiction in compliance with the requirements of the due process clause:

---

[1] Because this Court finds that Plaintiff has failed to prove facts sufficient to establish personal jurisdiction, it need not reach the question of whether mere shipment of goods to New Jersey, without having transacted the sale, suffices to establish a contact. In 2011, the Supreme Court reversed the New Jersey Supreme Court on a similar issue, holding that "transmission of goods permits the exercise of jurisdiction only where the defendant can be said to have targeted the forum." J. McIntyre Mach., Ltd. v. Nicastro, 131 S. Ct. 2780, 2788 (2011). It is not clear that, in the absence of a sales transaction, a shipment alone can be said to have targeted the forum.

[2] Plaintiff also alleges in its opposition brief that "there have been two (2) sales to New Jersey residents," but provides no evidence to support this allegation, nor any information about whether these two sales involved the alleged counterfeit gear ring. (Pl.'s Opp. Br. 10.)

> Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, this fair warning requirement is satisfied if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities.

Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985) (citations omitted). The instant litigation, which involves allegations of infringement through sales of rings with Plaintiff's gear ring design, does not arise out of or relate to the eighteen shipments. These facts are not sufficient to establish specific personal jurisdiction over One Moment in this case.

To establish general personal jurisdiction over a defendant, Plaintiff must show "continuous and systematic" contacts between the defendant and the forum. Helicopteros Nacionales De Colombia v. Hall, 466 U.S. 408, 416 (1984). Plaintiff has not provided sufficient information for this Court to conclude that the eighteen shipments evidence continuous and systematic contacts with New Jersey. This Court has no information about when these occurred and over what period of time. There is no basis to conclude that they demonstrate continuous activity, nor that they are "so substantial and of such a nature as to justify suit against [Defendant] on causes of action arising from dealings entirely distinct from those activities." Int'l Shoe Co. v. Wash., 326 U.S. 310, 318 (1945). Plaintiff has not proven facts sufficient to establish general personal jurisdiction.

Plaintiff asks that, should the Court find that it lacks sufficient facts to establish personal jurisdiction, Plaintiff be allowed jurisdictional discovery. As authority for this, Plaintiff relies on Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 458 (3d Cir. 2003). Toys "R" Us is distinguishable, however; in that the case, the Third Circuit stated: "Toys' request for jurisdictional discovery was specific, non-frivolous, *and a logical follow-up based on the*

*information known* to Toys." Id. (emphasis added).  The Third Circuit requires a party seeking jurisdictional discovery to present some factual foundation for the request: "If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between [the party] and the forum state, the plaintiff's right to conduct jurisdictional discovery should be sustained." Id. at 456 (citation omitted).  In the instant case, Plaintiff has not presented factual allegations that suggest with reasonable particularity the possible existence of continuous and systematic contacts with New Jersey.  Plaintiff's request for jurisdictional discovery is denied.

Plaintiff has failed to carry its burden of proof as to facts sufficient to establish personal jurisdiction over Defendants Kenneth Halterman and One Moment in Time, LLC.  The other two motions are unopposed.  All three motions to dismiss are granted, and, as to the moving Defendants, the Complaint is dismissed for lack of personal jurisdiction.

         s/ Stanley R. Chesler
    Stanley R. Chesler, U.S.D.J.

Dated: July 22, 2013